```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

| | | |
|---|---|---|
| CHRISTOPHER M. RUNDEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-484-KEW |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Christopher M. Rundel (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 19, 1980 and was 33 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has no past relevant work. Claimant alleges an inability to work beginning February 1, 2010 due to limitations resulting from PTSD, severe fear and anxiety, and other mental problems.

**Procedural History**

On June 4, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 27, 2014, an administrative hearing was held by video before Administrative Law Judge ("ALJ") Bernard Porter with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from McAlester, Oklahoma. He issued an unfavorable decision on June 13, 2014. The Appeals Council denied review of the ALJ's decision on October 19, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an RFC which is not supported by substantial evidence; (2) finding at

4

step five that Claimant could perform other jobs; (3) performing an erroneous credibility assessment; and (4) failing to fully develop the record by obtaining further consultative evaluations of Claimant's mental limitations.

**RFC Evaluation and Duty to Develop the Record**

In his decision, the ALJ found Claimant suffered from the severe impairments of anxiety disorder with agoraphobia, depressive disorder, schizoaffective disorder, personality disorder, and a history of polysubstance abuse. (Tr. 12). The ALJ determined Claimant retained the RFC to perform medium work. In so doing, the ALJ found that Claimant could lift/carry 50 pounds occasionally and 25 pounds frequently, stand or walk for six hours in an eight hour workday, and sit for six hours in an eight hour workday. Claimant could push/pull within his lifting and carrying weight limitations. The ALJ determined Claimant could not climb ladders or scaffolds and should not work around unprotected heights or moving mechanical parts. Claimant could perform simple tasks and could make simple work-related decisions. Claimant could have occasional interaction with co-workers or supervisors, but he should have no interaction with the general public. The ALJ estimated Claimant would be off task for up to five percent of the workday. (Tr. 15).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of industrial

5

cleaner, laundry worker, and hand packager, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 20). As a result, the ALJ determined Claimant was not under a disability from February 1, 2010 through the date of the decision. (Tr. 21).

Claimant contends that the ALJ erred in his RFC assessment. Claimant first asserts that his mental impairments would preclude sustained employment. In particular, Claimant states that the report of Dr. Robert Spray contradicts the ALJ's RFC conclusions. On April 14, 2014. Dr. Spray found Claimant's limitations were "extreme" in the areas of understanding and remembering complex instructions, carrying out complex instructions, and the ability to make judgments on complex work-related decisions. He found "marked" limitations in understanding and remembering simple instructions, carrying out simple instructions, the ability to make judgments on simple work-related decisions, interacting appropriately with the public, supervisors, and co-workers, and responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 305-06). Dr. Spray stated narratively that Claimant suffers from "very poor short-term memory" and "confused thinking." (Tr. 305). He stated that his findings were supported by Claimant's "violent ideation and/or fear of same" and "social avoidance." The affect upon Claimant's work

6

attendance would also be "extreme." (Tr. 306).

The ALJ gave Dr. Spray's opinion "partial weight." The portion of the opinion regarding social functioning was given "significant weight" but the remainder of the opinion was give "little weight" as not supported by the majority of the objective medical evidence. In particular, the ALJ indicated Dr. Spray's findings were inconsistent with the findings of mental health specialists - particularly Terry Efird, Ph.D. "who conducted a thorough evaluation." (Tr. 19). A review of Dr. Spray's report gives every indication that Dr. Spray also conducted a thorough examination.

During his examination of Claimant, Dr. Efird found his mood to be anxious and agitated, his affect somewhat intense and anxious, and reasonable speech. His thought processes were primarily logical, relevant, and goal-directed. He was alert and oriented as to person, place, and time. Claimant's answers to questioning indicated he was probably around the low average range of intellectual functioning. Dr. Efird diagnosed Claimant with anxiety disorder, NOS, depressive disorder, NOS, alcohol abuse vs. dependence, in remission, and a personality disorder NOS (borderline traits). He estimated Claimant's GAF at between 50 and 60. (Tr. 249-52).

Dr. Efird found Claimant could perform most activities of

7

daily living adequately. He communicated and interacted in a "reasonably socially adequate, yet somewhat anxious manner." He demonstrated the capacity to perform basic cognitive tasks required for basic work-like activities. He completed most tasks during the evaluation. Claimant appeared able to track and respond adequately for the evaluation. He also completed most tasks in an adequate time frame. Dr. Efird noted no malingering. (Tr. 252-53).

Other medical evidence included an evaluation by Clark Williams, a licensed professional counselor. Mr. Williams found Claimant suffered from a "very serious limitation" in managing money, social interaction, coping skills, and productivity and work. He also noted a "serious limitation" in managing time and problem solving. (Tr. 233).

A review of the records by Dr. Kelly Abesie indicated only a moderate limitation in the ability to sustain an ordinary routine without special supervision, ability to complete a normal workday and workweek, ability to respond appropriately to changes in the work setting, and ability to set realistic goals or make plans independently of others. (Tr. 260).

While this Court agrees with Defendant that the ALJ did not ignore Dr. Spray's findings as Claimant alleges, a problem remains with comparing the findings of the examining professionals - in particular Dr. Spray and Dr. Efird. Dr. Spray made specific

8

findings on functional deficiencies while Dr. Efird made more generalized findings in cognitive and social functioning. This makes comparing these two professionals' findings almost impossible under the present circumstance. Additionally, the ALJ's acceptance of Dr. Spray's findings on social functioning and rejection of the remainder of the report appears to smack of picking and choosing among a report to arrive at a desired disability result which is prohibited. Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The appearance of the violation of this rule is exacerbated by the inconsistent finding of socially adequate communication and interaction by Dr. Efird.

Claimant contends the ALJ should have ordered a further consultative psychological examination to resolve the apparent conflict in the record between these two professionals. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human

9

Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

>  (1) The additional evidence needed is not contained in the records of your medical sources;
>
>  (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
>  (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
>  (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or

(5) There is an indication of a change in your condition that is likely to affect your ability to work.

20 C.F.R. § 416.909a(2)(b).

The evident and significant conflict in the psychological evaluations of Claimant warrants further consultation from a professional and possible recontact of the sources that did examine Claimant. On remand, the ALJ shall develop the record further by obtaining an additional consultative examination. Upon receiving the additional evidence, the ALJ shall reconsider his RFC assessment and modify his findings as required.

### Step Five Evaluation

Claimant also contends the ALJ's hypothetical questioning of the vocational expert was flawed since the questions did not include an accurate RFC. Since the ALJ will be re-examining his evaluation of the professionals' opinions and ordering a consultative examination, he should also reassess his hypothetical questioning to accommodate any alterations to the RFC that he might make.

### Credibility Determination

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating

11

statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 29th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE